## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| WARNER CIVITTS,               ) <br>     **Plaintiff,**            ) <br>                       ) <br> **v.**                         ) <br>                       ) <br> **FRANK BISIGNANO,**      ) <br> **COMMISSIONER OF SOCIAL**  ) <br> **SECURITY ADMINISTRATION,** ) <br>     **Defendant.**         ) | **Case No. 3:25-cv-00452** <br> **Magistrate Judge Frensley** |

## MEMORANDUM OPINION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 13. Plaintiff has filed an accompanying Memorandum. Docket No. 14. Defendant has filed a Response, arguing the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 18. Plaintiff has filed a Reply. Docket No. 19.

For the reasons stated below, the Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 13) is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

### I. INTRODUCTION

Plaintiff filed his application for SSI and protectively filed his application for DIB on February 5, 2021, alleging he had been disabled since February 1, 2019, due to mental illness, autistic spectrum disorder, mood disorder, ADHD, learning and social deficits and disabilities,

1

visual, motor, and processing speed delays, high blood pressure, bipolar disorder, Asperger's disorder, and an I.Q. score of 86. Docket No. 12, Attachment ("TR"), TR 224-30, 244. Plaintiff's applications were denied both initially (TR 111, 129-30) and upon reconsideration (TR 131-32, 167-68). Plaintiff subsequently requested (TR 196-97) and received (TR 47-91) a hearing. Plaintiff's hearing was conducted on November 28, 2023, by Administrative Law Judge ("ALJ") Renee Andrews-Turner. TR 47. Plaintiff, Plaintiff's mother Lynn Civitts, and vocational expert ("VE"), JoAnn Bullard, appeared and testified. *Id.*

On March 26, 2024, the ALJ issued a decision unfavorable to Plaintiff, finding Plaintiff was not disabled within the meaning of the Act and Regulations. TR 25-46. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant engaged in substantial gainful activity during the following periods (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity i.e., February 1, 2019, through December 2020. The undersigned will also address current evidence secondary to a reduction in hours as noted on the claimant's mother [*sic*] statement (Ex. 14E). The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: mild autism disorder and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional

2

limitations: that the claimant can understand, remember and carry out simple instructions; can maintain concentration, pace and persistence for 2 hours at a time during in [*sic*] an 8-hour workday for simple instructions; can occasionally interact with the public, coworkers and supervisors; and adapt to occasional changes in the workplace.

7.      The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8.      The claimant was born on February 4, 1997, and was 21 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

9.      The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

10.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

12.     The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

TR 31-34, 41-42.

On February 20, 2025, the Appeals Council issued a letter declining to review the case (TR 2-8), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and this Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

3

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F. 2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Id.* "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co.,* 305 U.S. at 229.

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*,

745 F. 2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F. 3d at 389, *citing Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997).

If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F. 2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980). Moreover, an ALJ's decision lacks the support of substantial evidence if the ALJ fails to follow agency rules and regulations, "even where the conclusion of the ALJ may be justified based upon the record." *Miller v. Comm'r of Soc. Sec.*, 811 F. 3d 825, 833 (6th Cir. 2016), *citing Gentry v. Comm'r of Soc. Sec.*, 741 F. 3d 708, 722 (6th Cir. 2014) (internal citations omitted); *Cole v. Astrue*, 661 F. 3d 931, 937 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004); *accord Goppert v. Berryhill*, No. 3:16-cv-02739, 2018 WL 513435, at *4 (M.D. Tenn. Jan. 23, 2018) (Report and Recommendation adopted Mar. 1, 2018, 2018 WL 138533).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F. 2d 361, 374 (6th Cir. 1965).

**B.   Proceedings At The Administrative Level**

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and

work experience, any other relevant work which exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

(1)   If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

(2)   If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

(3)   If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent.[1]  If a listing is met or equaled, benefits are owing without further inquiry.

(4)   If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.

(5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.*, 20 CFR §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F. 2d 1175, 1181 (6th Cir. 1990).

---

[1]  The Listing of Impairments is found at 20 CFR § 404, Subpt. P, App. 1.

6

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F. 2d at 1181; 20 CFR § 404, Subpt. P, App. 2, Rule 200.00(e)(1), (2). *See also Damron v. Sec'y of Health & Human Servs.*, 778 F. 2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

## C.    Plaintiff's Statement Of Errors

Plaintiff contends that (1) the ALJ's assessment that Plaintiff performed substantial gainful activity ("SGA") after his alleged disability onset date is not supported by substantial evidence, and (2) the ALJ failed to properly develop the record by excluding mental health treatment records and ignoring Lynn Civitts's testimony. Docket No. 14. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed and remanded for immediate calculation and award of benefits, or in the alternative, remanded for further

proceedings. *Id.* at 9.

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F. 2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Earley v. Comm'r of Soc. Sec.*, 893 F. 3d 929, 934-35 (6th Cir. 2018), *citing Faucher v. Sec'y of Health & Human Servs.*, 17 F. 3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F. 3d 316, 318 (6th Cir. 1994).

## 1. Substantial Evidence

Plaintiff contends the ALJ failed to support her assessment that Plaintiff performed SGA with substantial evidence. Docket No. 14, p. 7. Specifically, Plaintiff argues the ALJ "failed to properly consider special conditions relating to Plaintiff's employment or the evidence as a whole in concluding that Plaintiff did not rebut the presumption of SGA." *Id*. Plaintiff maintains that his employment "may not have involved SGA" because he "worked under special conditions that accommodated his impairments," supported by the fact "his boss is aware that he needs to take breaks at work" and his mother's testimony that "AutoZone allows Plaintiff a 15-minute grace period for his shift start time." *Id.* at 7-8.

8

Defendant responds by contending that "[s]ubstantial evidence supports the ALJ's decision" that Plaintiff engaged in SGA because "the ALJ properly considered the alleged special conditions and found that the record as a whole did not support the allegations." Docket No. 18, p. 3, 5. Specifically, Defendant argues the ALJ "properly considered Plaintiff's alleged additional breaks while working at AutoZone," but found "the record did not show that Plaintiff continued to receive additional breaks after he acquired the skills to work as a cashier." *Id.* at 6. Defendant maintains "the ALJ did not ignore the alleged special work conditions, but merely found that the record did not support that they were ongoing work accommodations after he was initially trained." *Id.*

Plaintiff replies "there is nothing in the record that indicates that he was *not* continuing to receive additional breaks after he acquired the skills to work as a cashier" (emphasis added). Docket No. 19, p. 3.

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F. 3d 708, 722 (6th Cir. 2014).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the ALJ's decision must stand if substantial evidence supports the conclusion reached.

*Her*, 203 F. 3d at 389, *citing Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F. 2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980).

The ALJ in the case at bar properly considered Plaintiff's alleged additional breaks while working at AutoZone. TR 31. Specifically, the ALJ reviewed Lynise Parisien of Job Wise's November 20, 2023, letter which described accommodations for Plaintiff in the form of additional breaks when working at AutoZone. TR 31, 323-24. However, the ALJ found "there is no evidence in the record to show that the claimant continued to receive additional breaks after he acquired the skills to work as a cashier." TR 31. The Court agrees with the Commissioner that "the ALJ did not ignore the alleged special work conditions, but merely found that the record did not support that they were ongoing work accommodations after he was initially trained," because the evidence of accommodations was ambiguous as to their duration, only stating Plaintiff currently "still need [*sic*] to take breaks sometimes when he gets overwhelmed." Docket No. 18, p. 6; TR 31, 323. As highlighted by Defendant, "sometimes" taking breaks is different from "frequent" breaks, and this ambiguity was resolved by the ALJ inferring from the evidence in the record. Docket No. 18; TR 31, 323. Even if the evidence could support a different conclusion, the ALJ declined to extend an inference of continuing accommodation based on substantial evidence, and so we must affirm. TR 31; *Her*, 203 F. 3d at 389.

As has been demonstrated, the ALJ properly considered the record, including Lynise Parisien's letter, which constitutes "substantial evidence." While it is true that some of the testimony and evidence supports Plaintiff's allegations of disability, it is also true that much of the evidence supports the ALJ's determination that additional breaks did not continue after acquiring

10

cashier skills. TR 31. Because substantial evidence supports the ALJ's inference that Plaintiff did not receive accommodations in the form of additional breaks after acquiring the skills to work as a cashier, the ALJ's decision must stand.

## 2. ALJ's Development of the Record

Plaintiff contends the ALJ failed to properly develop the record because she "excluded years of mental health treatment records and ignored Plaintiff's mother's testimony, which is well-supported by her conversations with mental health providers in 2022 and 2023." Docket No. 14, p. 8.

Defendant responds that the ALJ properly considered the record as a whole, including the letter "submitted by Plaintiff's mother indicating that Plaintiff had reduced his work hours." Docket No. 18, p. 6; TR 31, 331.

Plaintiff replies that the ALJ "excluded years of mental health treatment records based on limiting the review to the time frame that she claimed Plaintiff did not engage in SGA." Docket No. 19, p. 3.

The duty of the ALJ is to "fully and fairly develop the administrative record," and where the evidence suggests that a claimant may well meet a listed impairment, the ALJ must develop the evidence in order to determine whether or not the listing is met. *Johnson v. Sec'y of Health & Human Servs.,* 794 F. 2d 1106, 1111 (6th Cir. 1986). In doing so, the ALJ must identify the reasons and basis for crediting or rejecting certain items of evidence. *See, e.g.*, *Morehead Marine Servs. v. Washnock*, 135 F. 3d 366, 375 (6th Cir. 1998). This is because there can be no meaningful judicial review without an adequate explanation of the factual and legal basis for the ALJ's decision. *Hyatt Corp. v. N.L.R.B.*, 939 F. 2d 361, 367 (6th Cir. 1991).

The ALJ's decision in the case at bar specifically addresses in great detail not only the

medical evidence, but also Plaintiff's testimony and his mother's testimony, including their subjective claims, clearly indicating that these were considered. TR 31-40. It is clear from the ALJ's detailed articulated rationale that, although there is evidence which could support the Plaintiff's claims, the ALJ chose to rely on medical findings that were inconsistent with the Plaintiff's allegations. This is within the ALJ's province.

The ALJ considered the testimony of Plaintiff's mother:

> According to his mother, he has difficulty managing money because he sent a stranger $800.00 to purchase a car. His room is a mess, and he has difficulty maintaining his hygiene. He must be reminded to take medication. He is unable to work independently, but the job coach works with him only 4 hours a week, but he works over 30 hours a week. He does not have physical limitations and has obtained a driver's license. He has been in several car accidents and as a result, his family members provide transportation.

TR 35.

The ALJ also weighed the statements by Plaintiff and his mother against the entirety of the record in her assessment:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the claimant, his mother and his vocational counselor note he tires easily, but the record indicates he has good energy level (Ex. 4F, p. 3). Although the claimant's mother notes he must be reminder [*sic*] to tend to his personal hygiene, when attending a consultative examination, the claimant's appearance was good. His clothing was appropriate to season and situation. In addition, his hair was clean. In fact, he notes that he manages his hygiene regularly, effectively, and independently (Ex. 7F, p. 5). His mother testified that he works up to 30 hours each week, but the claimant notes that he works no less than 35 hours, but no more than 39 hours each week at AutoZone. Next, the claimant alleges sporadic sleep issues in his testimony, but notes at the consultative examination that he does not currently use any medication to him [*sic*] sleep (Ex. 7F, p. 4). Despite allegations of social deficits, the claimant does travel for extended periods with family (Ex. 7F, p. 4).
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's and third-party's statements concerning the intensity, persistence and limiting effects of these symptoms are not

12

entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

TR 36.

Plaintiff also contends in his Reply that the ALJ "excluded years of mental health treatment records based on limiting review to the time frame that she claimed Plaintiff did not engage in SGA." Docket No. 19, p. 3. However, this appears to be the appropriate scope for determining the Plaintiff's disability status during the time frame when Plaintiff alleges disability, as this determination must align with Plaintiff's alleged timeline of disability beginning on February 1, 2019. TR 226. Additionally, Plaintiff did not support this contention with citations to the record, and this Court cannot offer an argument in place of the parties. *See In Re Chrysler Pacifica Fire Recall Products Liability Litigation*, 143 F. 4th 718, 725-26 (6th Cir. 2025) (describing the adversarial system as "designed around the premise that the parties . . . are responsible for advancing the facts and arguments entitling them to relief.").

Because the ALJ developed the evidence and adequately explained the reasons and basis for her conclusions, and because the ALJ's findings are supported by "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion," substantial evidence exists, and the decision of the ALJ must stand.

## IV.   RECOMMENDATION

For the reasons discussed above, the Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 13) is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

13